

FILED
DEC 19 2024
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

Blanche Shelton, individually
and on behalf of all others similarly
situated,

       Plaintiff,

v.

Steam Logistics, LLC,

       Defendant.

Case No.

1:24-CV-393

**COLLECTIVE ACTION COMPLAINT**

### PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Blanche Shelton ("Plaintiff"), on behalf of herself and all others similarly situated, to recover unpaid overtime pay from her former employer, Defendant Steam Logistics, LLC ("Steam" or "Defendant").

2. Plaintiff brings this action on behalf of herself and all others similarly situated for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiff's claim is asserted as a nationwide collective under the FLSA, 29 U.S.C. § 216(b).

4. The putative FLSA Collective is made up of all persons who are or have been employed by Defendant as Sales Coordinators or in other job titles performing similar duties anywhere in the United States and who were classified as exempt from overtime during the applicable statutory period.

1

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff is an adult resident of Chattanooga, Tennessee.

8. Plaintiff worked for Defendant as a Sales Coordinator in Chattanooga, Tennessee from approximately March 2022 to July 2023. Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendant classified Plaintiff as exempt from overtime and paid her on a salary basis.

10. Specifically, Defendant paid Plaintiff an annual salary of approximately $40,000.00 and she was also eligible to earn commissions. Plaintiff estimates earning less than $5,000.00 in commissions total throughout her entire employment with Defendant.

11. Defendant is a Tennessee corporation that does business in Tennessee. Its principal place of business is located at 328 Broad Street, Chattanooga, Tennessee 37402.

12. According to its website, Defendant is a third-party logistics provider with ten offices located in various states throughout the United States.

13. Defendant sells and provides freight brokerage and other logistics services to help its customers transport commodities.

14. Upon information and belief, Defendant has had gross annual sales made or business done in excess of $500,000.00.

15. Defendant operates in interstate commerce by, among other things, offering and providing its services in multiple states throughout the United States.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

17. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

18. Plaintiff and the similarly situated individuals work or worked as Sales Coordinators or in other job titles performing similar duties.

19. Upon information and belief, Defendant assigns Sales Coordinators to work in the following freight divisions: domestic, drayage, international, or less-than-truckload ("LTL").

20. As Sales Coordinators, Plaintiff and the putative collective members sell Defendant's freight brokerage services. They also provide the freight brokerage services that they sell.

21. Among other non-exempt tasks, Plaintiff and the putative collective members spent their workday trying to locate prospective customers, cold-calling prospective customers to try to obtain their business and carrying out day-to-day shipping tasks for the customers they had secured.

22. Plaintiff and the similarly situated individuals are or were paid a salary plus commission with no overtime pay.

23. Defendant treats or treated Plaintiff and the other similarly situated Sales Coordinators as exempt from federal overtime laws.

24. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

25. Plaintiff regularly worked over forty hours per week. For example, during the normal workweek from Sunday, March 5, 2023, to Saturday, March 11, 2023, Plaintiff estimates that she worked approximately 50 hours and did not receive overtime pay for her overtime hours.

26. Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals regularly worked unpaid overtime hours.

27. Defendant required Plaintiff and other Sales Coordinators to work long hours to handle all shipment-related tasks, including those occurring late in the evening and early in the morning, and to hit certain sales and prospecting targets.

28. Plaintiff also complained to her manager about being required to work overtime.

29. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of all of the hours Plaintiff and the other similarly situated individuals worked.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

31. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

All persons who work or worked for Defendant as Sales Coordinators, or in other job titles performing similar duties, and classified as exempt from overtime at any time since three years prior to the filing of this Complaint through the present.

32. Plaintiff has consented in writing, Exhibit A, to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

33. Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

34. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to perform non-exempt work for over forty hours per week and failing to pay them overtime compensation.

35. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective.

36. Notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated current and former employees are known to Defendant and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

(On behalf of Plaintiff and the putative FLSA Collective)

37. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

38. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

39. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

40. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

41. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

42. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of all of the hours Plaintiff and other similarly situated individuals worked, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

6

Case 1:24-cv-00393-CLC-MJD   Document 1   Filed 12/19/24   Page 6 of 8   PageID #: 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the putative FLSA Collective, prays for relief as follows:

A.  Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.  A finding that Plaintiff and the putative FLSA collective are non-exempt employees entitled to protection under the FLSA;

C.  A finding that Defendant violated the overtime provisions of the FLSA;

D.  Judgment against Defendant in the amount equal to Plaintiff's and the putative FLSA collective's unpaid back wages at the applicable overtime rates for a three-year statutory period;

E.  An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.  An award of attorneys' fees and costs incurred in prosecuting this claim;

G.  Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: December 18, 2024

NICHOLS KASTER, PLLP

s/*Reena I. Desai*
Reena I. Desai, MN Bar No. 0388311*
rdesai@nka.com
Caitlin Opperman, MN Bar No. 0399978*
copperman@nka.com
4700 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870

*Pro Hac Vice Motion pending*

7

Case 1:24-cv-00393-CLC-MJD   Document 1   Filed 12/19/24   Page 7 of 8   PageID #: 7

ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE COLLECTIVE