UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BLANCHE SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEAM LOGISTICS, LLC,<br><br>Defendant. | Case No. 1:24-CV-00393 |

## NOTICE OF SETTLEMENT AND JOINT MOTION FOR ENTRY OF DEADLINES AND PERMISSION TO DISMISS ACTION WITHOUT SETTLEMENT APPROVAL

Plaintiff Blanche Shelton, individually and on behalf of others similarly situated, and Defendant Steam Logistics, LLC (collectively, "the parties") notify the Court that they have reached a settlement in the above-captioned Fair Labor Standards Act ("FLSA") case. The parties attended a full-day mediation with third-party neutral John Harrison on September 24, 2025, where they agreed to monetary terms of a settlement. The parties executed a terms sheet on September 30, 2025, following mediation with agreement on non-monetary terms. (*See* Report of Mediation, ECF No. 76.)

As explained below, the Parties jointly request an order from the Court entering the following deadlines, which allow the parties to dismiss the action without Court approval of their settlement.

I.   **Proposed Deadlines**

The parties propose the following deadlines:

- **On or before October 22, 2025**, the parties will finalize the terms of the settlement agreement, including the notice of settlement and release form, and execute the settlement agreement.

- **On or before November 5, 2025**, Plaintiffs will disseminate the notice of the settlement to each of the 124 Plaintiffs, who will have 45 days to accept or reject their settlement offers ("Settlement Notice Period").[1]  Those who reject or do not respond to the notice of settlement will have their claims dismissed without prejudice.

- **On or about January 14, 2026,** the parties will file a Stipulation of Dismissal, and will indicate in such Stipulation whose claims, if any, will be dismissed without prejudice.[2]

II.  **The Parties Propose Dismissing the Case by Stipulation Without Court Approval of the Settlement.**

There is no authority from the Sixth Circuit addressing whether an FLSA settlement must be judicially approved to be valid.

---

[1] The Memorandum of Understanding includes a provision where Defendant may void the settlement agreement if ten or more Plaintiffs do not accept their settlement offer.

[2] If the Court directs the parties to file a motion for settlement approval, the parties propose the same deadline of January 14, 2026.

Several recent decisions from district courts within the Sixth Circuit have held that judicial approval is *not* required, and in some cases, have held that the district court lacks authority to provide it. *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024) (affirmatively holding that approval is not allowed); *see also Cottrell v. Triple J Trucking, Inc.*, No. 4:23-CV-13-RGJ-HBB, 2025 WL 289678 (W.D. Ky. Jan. 24, 2025); *Bazemore v. Papa John's USA Inc.,* 3:22-cv-00311-RGJ-CHL, ECF No. 71 at 4 (W.D. Ky. Jan. 10, 2025) ("Here, nothing displaces the standard voluntary-dismissal procedure found in Rule 41(a)(1)(A)"); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) ("The undersigned finds the reasoning of Gilstrap persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); *Cataline v. Beechmont Brewing, LLC*, No. 1:23-CV-621, 2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) ("This Court agrees with the opinion in Gilstrap and joins the trend emerging in this District of eliminating the prudential condition that requires district court approval of FLSA settlements."); *Barrios v. Kamps, Inc.*, No. 1:23-CV-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) (adopting the reasoning in Gilstrap and holding that "the Court does not have any obligation or authority to approve the parties' settlement agreement"); *Cummins v. Midmark Corp.*, No. 3:23-CV-277, 2024 WL 3405458, at *1 (S.D. Ohio July 9, 2024) ("This Court agrees with Judge Cole's well-reasoned opinion in Gilstrap and instructs the parties to administer the FLSA settlement under Fed. R. Civ. P. 41(a) and as agreed-upon in the terms of their

private settlement.") *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 637–39 (W.D. Ky. 2022).

As stated in *Cottrell*, "this Court and others have provided judicial approval for many FLSA collective-action settlements. But there is no clear directive to do so." 2025 WL 289678 at *6. The court also stated that the "FLSA does not require *any* filing of a collective-action settlement agreement, much less public filing…." *Id*. (emphasis in original; rejecting argument that the parties' agreement to maintain confidentiality of their FLSA collective-action settlement was legally void).

At least three recent decisions from district courts within the Sixth Circuit have disagreed with the above decisions. *See Maldonado v. WK Kellogg CO.*, No. 1:24-CV-90, 2025 WL 1427073 (W.D. Mich. May 6, 2025) (court approval required); *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964 (E.D. Mich. 2021) (finding that "the FLSA context counsels in favor of courts approving settlements"); *see also Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022) (finding it appropriate to review FLSA settlement for approval at the parties' request).

The parties request that the Court follow the authorities cited above holding that Court approval of an FLSA settlement is not required and allow the parties to file a Stipulation for Dismissal under Fed. R. Civ. P. 41(a)(1)(A) following the Settlement Notice Period.

If the Court would like a video or phone conference, counsel for the parties will make themselves available.

Respectfully submitted this 20th day of October, 2025.

        NICHOLS KASTER, PLLP

        */s/ Reena I. Desai*
        Reena I. Desai, MN Bar No. 0388311*
        Alexandra Robinson, MN Bar No. 504334*
        4700 IDS Center, 80 South 8th Street
        Minneapolis, MN 55402
        Telephone: (612) 256-3200
        Fax: (612) 215-6870
        rdesai@nka.com
        arobinson@nka.com

        **Admitted Pro Hac Vice*

        *Counsel for Plaintiff Blanche Shelton and the FLSA Collective*


        CHAMBLISS, BAHNER & STOPHEL, P.C.


        By: */s/ Bradley M. Davis*
        Justin L. Furrow (TN BPR No. 027667)
        Bradley M. Davis (TN BPR No. 023988)

        Liberty Tower, Suite 1700
        605 Chestnut Street
        Chattanooga, Tennessee 37450
        Telephone: 423.757.0221
        Facsimile: 423.508.1221
        Email:   jfurrow@chamblisslaw.com
                   bdavis@chamblisslaw.com

        *Counsel for Defendant Steam Logistics, LLC*

## CERTIFICATE OF SERVICE

      I certify that on October 20, 2025, a copy of the foregoing pleading was filed electronically through the Court's CM/ECF system and will be sent electronically to all counsel and parties shown on the electronic filing receipt.

*/s/Bradley M. Davis*