UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BLANCHE SHELTON, *individually and on behalf of all others similarly situated*, ) ) ) *Plaintiff*, ) ) v. ) ) STEAM LOGISTICS, LLC, ) ) *Defendant*. ) | Case No. 1:24-cv-393 <br><br> Judge Curtis L. Collier <br> Magistrate Judge Michael J. Dumitru |

# **M E M O R A N D U M**

Before the Court is the parties' joint notice of settlement and "motion for entry of deadlines and permission to dismiss action without settlement approval." (Doc. 79.)

## I. BACKGROUND

Defendant, Steam Logistics, LLC, sells and provides freight brokerage and logistics services to help its customers transport commodities across multiple states. (Doc. 1 ¶¶ 13, 15.) Plaintiff, Blanche Shelton, worked for Defendant as a sales coordinator in Chattanooga, Tennessee, from approximately March 2022 to July 2023. (*Id*. ¶ 8.) Plaintiff alleges Defendant required her and other sales coordinators "to work long hours to handle all shipment-related tasks, including those occurring late in the evening and early in the morning, and to hit certain sales and prospecting targets." (*Id*. ¶ 27.) She alleges Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. by allowing her and other sales coordinators to work more than forty hours per week without overtime pay. (*Id*. ¶ 24.) Plaintiff therefore brought this collective action individually and on behalf of all others similarly situated to recover unpaid overtime pay from Defendant on December 19, 2024. (*Id*. ¶ 1.)

On March 27, 2025, the Court held a scheduling conference where the parties indicated they were working cooperatively to set a mediation for this case. (*See* Doc. 33.) On May 1, 2025, the parties renewed their joint motion for approval of court-authorized notice to potential plaintiffs (Doc. 34), which the Court granted on June 2, 2025. (Doc. 37.) From June 16, 2025, to September 4, 2025, Plaintiff notified the Court that numerous plaintiffs had opted in to the lawsuit. (Docs. 41–75.) On September 24, 2025, the parties attended a full-day mediation with third-party neutral John Harrison. (Docs. 76, 79 at 1.) The mediation was successful and the parties "agreed to monetary terms of a settlement." (Doc. 79 at 1.) Following mediation, the parties executed a terms sheet on non-monetary terms on September 30, 2025. (*Id*.)

The parties now move the Court for permission to dismiss the case by stipulation without court approval of the settlement. (*Id*. at 2.) The parties propose that they will: (1) finalize the terms of the settlement agreement on or before October 22, 2025; (2) disseminate the notice of the settlement to each of the 124 plaintiffs on or before November 5, 2025; and (3) file a stipulation of dismissal on or about January 14, 2026. (*Id*.)

### III. DISCUSSION

Generally, parties may resolve a matter privately without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The right to dismiss a case by stipulation is not absolute though and is "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and *any applicable federal statute*." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). Federal courts, including this Court, routinely reviewed and approved FLSA settlement agreements. *See, e.g.*, *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. 2021); *Steele v. Staffmark Invs.*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015). Now, however,

2

there is much debate among circuit and district courts about whether district courts can or should approve FLSA settlement agreements.[1]  The question here, then, is whether the FLSA is one of those federal statutes that requires judicial approval of settlement agreements.

The parties are correct that "[t]here is no authority from the Sixth Circuit addressing whether an FLSA settlement must be judicially approved to be valid." (Doc. 79 at 2.)  To support their position, the parties point to a recent line of district court decisions within this Circuit that "have held that judicial approval is *not* required, and in some cases, have held that the district court lacks authority to provide it." (*Id*. at 3 (collecting cases).)  The lead case is *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024), which found there was nothing in the FLSA's text or in binding case law that required, or even allowed, district courts authority to approve or to reject FLSA settlements.  *Id*. at 715–18 (emphasizing that the practice of judicial review of FLSA settlements for fairness derived from the Eleventh Circuit's decision in *Lynn's Food Stores, Inc.*

---

[1] District courts often assumed, without discussion, that they must approve FLSA settlements.  Now there is discussion on the issue and some circuits are split on whether the settlement of FLSA claims requires court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (not requiring court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring court approval) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015) (same).  The law in other circuits, including the Sixth Circuit, appears to be unsettled.  *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (declining to say whether judicial approval of FLSA settlement agreements is "proper"); *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 882 (D. Ariz. 2023) ("There is, unfortunately, no binding Ninth Circuit law on this question."); *Jackson v. Dovenmuehle Mortg., Inc.*, No. 22-cv-1280, 2023 WL 4304871, *1 (E.D. Wisc. June 30, 2023) ("The Seventh Circuit has never explicitly held that court approval of individual FLSA settlement agreements is required."); *Nader v. Springs Window Fashions, LLC*, 660 F. Supp. 3d 625, 627 (E.D. Mich. 2023) ("The Sixth Circuit has not explicitly required court approval for FLSA settlement agreements."); *Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408, 412 (W.D. Pa. 2023) (noting there is no Third Circuit case that requires or even authorizes court approval for private-party FLSA settlement agreements).

3

*v. United States*, 679 F.2d 1350 (11th Cir. 1982), which the Sixth Circuit has never taken as binding).

The district court in *Gilstrap* also found that mandatory court approval of these settlements would be "incompatible" with Rule 41 of the Federal Rules of Civil Procedure, which provides that parties may freely dismiss lawsuits without court approval. *Id*. at 719–21; *see also Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 639–40 (W.D. Ky. 2022) ("In short, nothing in the FLSA's text or context renders it an "applicable federal statute" for Rule 41 purposes. In fact, many aspects of its text and context suggest Congress did not intend to override Rule 41's default that plaintiffs may dismiss suits regardless of what a judge thinks about that move."). It further suggested that an order approving or rejecting an FLSA settlement agreement would constitute a prohibited "advisory opinion" because such an order "merely opines on ancillary questions (the reasonableness of a settlement) that is not before the Court in a case arising under the FLSA itself." *Gilstrap,* 734 F. Supp. 3d at 722.

A number of district courts in this Circuit have followed *Gilstrap*'s lead.[2] *See, e.g.*, *Neikirk v. Ephraim McDowell Health, Inc.*, No. 5:23-CV-153, 2025 WL 1361737, at *1 (E.D. Ky. May 2, 2025); *Evans v. RWS Res., LLC*, No. 4:23-CV-120, 2025 WL 354715, at *2 (W.D. Ky. Jan. 31, 2025); *Cottrell v. Triple J Trucking, Inc.*, No. 4:23-CV-13, 2025 WL 289678, at *6 (W.D. Ky. Jan. 24, 2025); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-CV-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024); *Barrios v. Kamps, Inc.*, No. 1:23-CV-584, 2024 WL 4181210, at *1 (W.D.

---

[2] District courts outside this Circuit have also found judicial approval is not necessary for FLSA cases. *See, e.g., Kennedy v. El Centro Reg'l Med. Ctr.*, No. 22-CV-1522, 2024 WL 1361838, at *2 (S.D. Cal. Mar. 29, 2024); *Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408 (W.D. Pa. 2023); *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 882 (D. Ariz. 2023); *Corbett v. Pub. Emps.' Ret. Sys.,* 716 F. Supp. 3d 1006, 1009–10 (D. Nev. 2024).

Mich. Sept. 12, 2024). Many of these courts have found that although "this Court and others have provided judicial approval for many FLSA collective-action settlements, . . . there is no clear directive to do so." *Cottrell*, 2025 WL 289678, at *6.

On the other hand, one district court in this Circuit disagreed with *Gilstrap* and found that "the purpose, text, and history of the FLSA, as well as policy considerations, support a requirement of judicial approval." *Maldonado v. WK Kellogg CO.*, No. 1:24-CV-90, 2025 WL 1427073, at *4 (W.D. Mich. May 6, 2025). The court in *Maldonado* explained that while the text of the FLSA does not explicitly say judicial approval of settlements is required, the "statutory history of the FLSA confirms the need for an independent fairness review." *Id*. at *2–3 ("In sum, using principles of statutory construction applied by both the Supreme Court and the Sixth Circuit, this Court is bound to honor the Congressional decision in the Portal-to-Portal Act to eliminate the requirement of judicial approval for FLSA settlements only retroactively, and to preserve the requirement of judicial approval for other FLSA settlements.").

The court also emphasized policy concerns caused by "the potential for abuse built into the collective action settlement process." *Id*. at *3.

> Like most other collective actions, this case includes putative parties simply waiting in the shadows. These potential plaintiffs, who may become parties after notice and opt-in, are practically limited in their choices. They rely on counsel who brought the action, and normally appoint that counsel as their own after opting in. Though not yet parties, these putative members of the collective have at least some status—akin to proposed interventors—that calls on the Court's discretion.

*Id*. (citing *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018)). The court noted that this "dynamic of absent putative plaintiffs leads to a fundamental leverage problem analogous to that implicated in proposed class actions," which require court approval under Rule 23. *Id*. The court determined that these "unique policy considerations," coupled with the FLSA's statutory text and history, make the FLSA an "applicable federal statute" that requires the parties to seek court

5

approval upon settlement consistent with Rule 41 of the Federal Rules of Civil Procedure. *Id*. at *5.

Upon much reflection and consideration, the Court finds *Gilstrap* and *Askew* persuasive. Nothing in the text of the FLSA, or in any Sixth Circuit case, requires or even authorizes court approval for private-party FLSA settlement agreements. *Gilstrap*, 734 F. Supp. at 716 ("But § 16(b) nowhere states—or even implies—that plaintiffs may not settle their FLSA claims before judgment or that, if they do, that settlement will be contingent on court approval."); *Askew*, 620 F. Supp. 3d at 639 (citations omitted) ("[T]he FLSA itself contains no language requiring judicial approval of settlement agreements."). "A court should not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply." *Evans*, 686 F. Supp. 3d at 884 (quoting *Alcantara v. Duran Landscaping, Inc.*, No. 2:21-cv-03947, 2022 WL 2703610, *1 (E.D. Pa. July 12, 2022) (finding this especially true because when Congress adopted the FLSA in 1938, it knew how to include provisions requiring approval of settlements but chose not to)). "[T]he text of the FLSA contains no provision limiting dismissal or displacing Rule 41(a)(1)(A)." *Gilstrap*, 734 F. Supp. at 720.

Nor do the policy considerations change the Court's decision. The Court respectfully disagrees with the court in *Maldonado* and finds there is a meaningful distinction between a Rule 23 class action and an FLSA collective action. *See* 2025 WL 1427073, at *5. "[U]nlike a Rule 23 class action, an FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 402 (6th Cir. 2021); *see also* 29 U.S.C. § 216(b). "Thus, the principal-agent problems involving absent class members are not as much of a concern

6

in an FLSA collective action." *Walker*, 684 F. Supp. 3d at 414. Additionally, extra procedural protections are generally not necessary in FLSA collective actions because there is usually nothing to "support the fear that employees will be coerced into harmful settlements." *Gilstrap*, 734 F. Supp. at 727 (noting each of the plaintiffs is represented by counsel and by the very nature of FLSA claims, employees are often on equal footing with their employer for factual discovery purposes because they know their rates of pay, their hours worked, and their job responsibilities).

Further, "the policy rationales in play here counsel *against* a court-approval regime, not in favor of it." *Gilstrap*, 734 F. Supp. 3d at 728. There is often more harm done to employees by "forcing satisfied parties to keep litigating against their wishes." *Askew,* 620 F. Supp. 3d at 643; *Gilstrap*, 734 F. Supp. 3d at 729 (quoting *Walker*, 684 F. Supp. 3d at 416 ("A court-approval regime increases the cost of entering into such a mutually beneficial agreement. It 'slows the resolution of FLSA settlements and, by extension, the payment of wages to plaintiffs, forces lawyers to expend more time and resources on the case (and charge higher fees in turn), and clogs court dockets.'")). Even if the policy rationales were in favor of a court-approval regime, however, courts cannot impose their own policy preferences. Policy considerations "ordinarily fall to the legislative branch." *Askew,* 620 F. Supp. 3d at 639, 639–42 ("If Congress, presumably out of concern over the adequacy of plaintiffs' representation, wishes to limit the voluntariness of a dismiss, it knows how to do so.").

IV. **CONCLUSION**

Unless or until Congress amends the FLSA or either the Sixth Circuit or the Supreme Court gives guidance to whether court approval for FLSA settlement agreements is required, the Court finds it need not approve the FLSA settlement agreement here. For these reasons, the Court will

**GRANT** the parties' joint motion (Doc. 79).  The parties **SHALL** privately finalize their settlement and file a stipulation of dismissal on or about January 14, 2026.  *See* Fed. R. Civ. P. 41(a)(1)(A).

**AN APPROPRIATE ORDER SHALL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**